THOMAS PALMER, Respondent, *v.* JAMES GORDON BENNETT, Appellant.

*Damages for libel — it is not necessary that the person libeled be named — Statute of Limitations — absence from the State — the return to the State must be public and notorious.*

In an action brought to recover damages resulting from an alleged libel it is not necessary in order to justify a recovery that the plaintiff should have been named in the alleged libelous article; it is sufficient if the description or reference contained in such article identifies him.

If it is affirmed in a newspaper article that A and B are the same person, and that B has committed an offense, it is thereby necessarily affirmed that A has committed the offense. If A and B are in fact different persons and the charge made is false as to both, then there is a libel on each; if false as to either, then there is a libel on the one who is innocent.

Where at the time of the publication of a libel the person publishing the same was absent from the State, the time limited, during which an action must be brought therefor, begins to run under the provisions of section 401 of the Code of Civil Procedure, only from the time of such person's return to the State; such a return to set the statute running must be public or notorious, so that the person libeled either knew of the return, or with due diligence could have ascertained it, and have served process on the person responsible for the publication of the libel, and the burden of proof is upon the publisher to show a return of such a character.

APPEAL by the defendant, James Gordon Bennett, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 28th day of March, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 10th day of April, 1894, denying the defendant's motion for a new trial made upon the minutes.

*John Townshend* and *F. B. Candler*, for the appellant.

*Edward M. Grout*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment for the plaintiff entered on the verdict of a jury at Circuit. The action was for libel. In the defendant's newspaper there was published an article thus headed:

"PRESIDENT AND PAUPER.

"SPECULATOR DISSIPATES A RAILROAD MAGNATE'S FORTUNE.

"IN A POLICE COURT AT LAST.

"A policeman recognizes in his prisoner a former wealthy employer." Then follows a detailed account of the arrest of an intoxicated tramp who gave the name of Edward E. Palmer, his arraignment at the police station and at the Police Court, and the recognition of him by the police officer as the former president of the De Kalb Avenue railroad. The article concludes as follows :

"Edward E. Palmer was for several years president of the De Kalb Avenue Railroad Company in Brooklyn, and was at one time president of a bank in that city. He had a charming family, and elegant residence on De Kalb avenue and was possessed of considerable wealth. He speculated in cotton and lost everything, and then took to drink. He has for some years been lost to his old friends. He lives with his family a short distance out of the city. He is not doing anything and has no means, and when arrested was trying to raise a drink to brace up his shattered system."

The plaintiff is named Thomas, he had been president of the De Kalb Avenue railroad for eight years and the only president of that name, and had resided on De Kalb avenue for twenty-three years. The defendant answered denying that the article was published of the plaintiff and set up the Statute of Limitations.

The first point urged against this recovery is that the libel did not refer to the plaintiff, but to Edward E. Palmer, the person arrested, and that the court erred in submitting that question to the jury instead of dismissing the complaint. We do not understand the defendant to contend that it was necessary that the plaintiff should have been named, or that it was not sufficient that the description or reference in the libel should identify him. That such is not the law is well settled. (Townshend on Libel, §§ 131, note, 543 ; *Sumner* v. *Buel*, 12 Johns. 475.) But his claim is that the article was published of the prisoner, Edward E. Palmer, and that of him the libelous portion of the article was true. In a sense this is correct. The article was published of that Palmer, the prisoner, but it does not follow that it might not reflect upon others. If false it contained a libel on Edward E. Palmer because of the charge of his vagrancy and arrest. But when the article charged

the identity of the plaintiff and Edward E. Palmer, there was then a libel on the former. If it is affirmed that A and B are the same person, and that B has committed an offense, it is thereby necessarily affirmed that A has committed the offense. If A and B are in fact different persons, and the charge made is false as to both, then there is a libel on each; if false as to either, then there is a libel on the one who is innocent. The evidence fully justified the submission to the jury of the question whether the article referred to the plaintiff as well as to the man arrested, and the motion to dismiss the complaint was properly denied.

The defense of the Statute of Limitations was not so clearly established as to take that question from the jury. Indeed, we doubt whether it was made out at all. The defendant was absent from the State when the libel was published and the cause of action accrued. The answer averred this fact; hence, the time limited began to run only from the defendant's return to the State. (Code Civ. Proc. § 401.)

This provision of the Code is in the same language as that of the Revised Statutes on the subject. The authorities are clear that a return to set the statute running must be public or notorious so that the plaintiff either knew of the return or with due diligence could have ascertained it and served process on the defendant. (*Cole* v. *Jessup*, 10 N. Y. 96; *Fowler* v. *Hunt*, 10 Johns. 464; *Ford* v. *Babcock*, 2 Sandf. 518.) The burden of proof was on the defendant to show a return of this character. The trial court assumed that the returns in June and October, 1888, set the statute in motion. In the view most favorable to the defendant this was a question of fact for the jury. The defense of the statute was, therefore, submitted to the jury more favorably to the defendant than he was entitled to and he has no valid complaint in this respect.

The judgment and the order denying motion for a new trial appealed from should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment and order affirmed, with costs.