**Eve Spiro John, Appellant, v. Tribune Company, Appellee.**

**Gen. No. 47,498.**

First District, First Division.
December 8, 1958.
Rehearing denied December 24, 1958.
Released for publication January 23, 1959.

548

Antonow & Weissbourd, and A. Bradley Eben, of Chicago (Ernest Greenberger, Richard A. Siegal, of counsel) for plaintiff-appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Howard Ellis, Don H. Reuben, William R. Jentes, of counsel) for defendant-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

In this action for libel the defendant filed a motion to strike the third amended complaint and supported its motion with an affidavit setting up what purports to be affirmative matter pursuant to Section 48(1)(i) of the Practice Act [Ill. Rev. Stat. 1957, ch. 110, § 48(1)(i)]. The court sustained the motion and dismissed the suit. From that order plaintiff has appealed. The principal question in the case concerns liability for libel where there is a confusion of identities. Also involved is the propriety of a motion under Section 48(1)(i) to raise this question where the complaint charges that the libel was of and concerning the plaintiff.

The case grows out of two news items in defendant's newspaper describing a police raid of an apartment at 4417 Ellis avenue, Chicago, in which a number of women were arrested. On March 30, 1952, defendant published an article describing the raid, saying: "Dolores Reising, 57, alias Eve Spiro and Eve John, who, police said, was known years ago as Accardo's woman friend, was held as the suspected keeper of the apartment." On March 31, 1952, defendant published another article, saying that the five women arrested

in the raid would appear in the Women's court Wednesday and that "Dorothy Clark, 57, who gave 4417 Ellis Av. as her address, was charged with being keeper of a disorderly house. . . . Police said she is also known as Dolores Reising, Eve Spiro, and Eve John, and was known years ago as a girl friend of Tony Accardo, Capone gangster." Plaintiff's name at the time was Eve John and her maiden name was Eve Spiro. She lived in an apartment below the one raided and it is alleged in the complaint that she was the only person with that name at that address. The complaint alleges that the articles were understood by readers of defendant's newspaper to refer to plaintiff; that the statements were false and had seriously damaged plaintiff's reputation and caused her severe mental and physical distress and loss of practice as a psychologist.

Prior to the entry of the order here in question, the court had stricken two previous complaints and had given plaintiff leave to amend. A motion to strike and dismiss the second amended complaint was denied on July 2, 1953, and defendant was ordered to answer. An answer was filed July 21, 1953. Following this, Dorothy Clark's deposition was taken and filed February 15, 1955.

On June 26, 1957, defendant filed a motion for summary judgment and stated as reason therefor that the language complained of was not of and concerning plaintiff and not libelous as a matter of law, but was true as a matter of law, and that Dorothy Clark, alias Dolores Reising, did in fact use the names Eve Spiro and Eve John. On the same date plaintiff was given leave to file affidavits and counteraffidavits. On August 1, 1957, the affidavit of Don H. Reuben, one of the attorneys for defendant, was filed in support of defendant's motion for summary judgment, and on August 30, 1957, the affidavit of Eve John was filed in opposition to defendant's motion for summary judgment. On September 17, 1957, the motion for summary

judgment was denied, but apparently on the court's own motion the second amended complaint was stricken and plaintiff was granted leave to file a third amended complaint "pleading special damages." A motion to reconsider and vacate that portion of the order of September 17, 1957, striking the second amended complaint was denied, but the court amended its order by striking therefrom the language which related to "pleading special damages." Thereupon plaintiff filed the third amended complaint.

It was after the filing of the third amended complaint that defendant filed its motion to strike and dismiss pursuant to Section 48(1)(i), which the court sustained. That motion is based on the ground that upon the face of the complaint and as appears from the affidavit of Don H. Reuben and the deposition of Dorothy Clark, the language is not of and concerning plaintiff and is not libelous. That was in substance a renewal of the motion for a summary judgment which had been previously heard and denied.

 The first question to be determined is the nature of the issue presented by the motion and objections thereto. That the language of the articles is libelous per se is not open to question. Defendant in its brief introduces its description of the raid by the statement: ". . . the police believing the house was used for prostitution raided it. . . ." The articles relate to a person whose name was Dolores Reising or Dorothy Clark, age 57, alias Eve Spiro and Eve John, living at 4417 Ellis Avenue. The word "alias" is derived from alius, meaning "other," so that the article, understood both in its ordinary and its derivative sense, meant that a person who had the name of Dorothy Clark or Dolores Reising, also used other names, to-wit: Eve Spiro and Eve John, and was the keeper of a house of prostitution and the girl friend of a gangster.

551

█ Defendant argues that the first name given in such articles is the real name in common understanding, and that the names following the first name are considered to be aliases or fictitious. Names are tags of identity. In a community where there are many John Smiths, it is not uncommon for one who bears that name to adopt a Q, X, Y or Z as a middle initial or to adopt a number in addition to his name. It is sometimes assumed that the first name given in a description of the sort here in question is the birth name and that the names which follow are those later adopted. It is an assumption which quickly disappears, especially when reference is made to a notorious person. Certainly, there is no presumption in law, prima facie or conclusive, to that effect.

In the instant case the first article referred to Dolores Reising and (adding to the confusion) the second referred to her as Dorothy Clark, but in each instance the names of Eve Spiro and Eve John were attached as aliases. A reader of one of the articles might have concluded that the name was Dolores Reising or Dorothy Clark, according to which article was read first, but those who read both articles would certainly have understood that this was just a way of writing the story and that neither police nor reporters knew the real name.

█ What is presented for trial in this case is a question of fact and not of law. The question is whether readers of the articles did and could reasonably understand them to refer to plaintiff. Ball v. Evening American Pub. Co., 237 Ill. 592 (1909); Ogren v. Rockford Star Printing Co., 288 Ill. 405, 413; Palmer v. Bennett, 83 Hun 220, 31 N. Y. Supp. 567 (1894); Roth v. Greensboro News Co., 217 N. C. 13, 6 S.E.2d 882; Jones v. E. Hulton Co., 2 K. B. D. 444, aff'd 1910 Appeal Cases 20; Algozino v. Welch Fruit Products Co., 345 Ill. App. 135, 143; Walker v. Bee-News Pub. Co., 240 N. W. 579

(Nebr. 1932); Washington Post Co. v. Kennedy, 3 F.2d 207.

■■ Defendant makes the point that the discrepancy between plaintiff's age (26 or 27 at the time of publication of the articles) and the age given in the news article, 57, was such that "as a matter of law no reader would or did ever believe" that plaintiff was the subject of the publications. That is merely an item of evidence, to be considered by a trier of fact. Roth v. Greensboro News Co., 217 N. C. 13, 6 S.E.2d 882.

■ ■ Having concluded that what was presented to the court involved an issue of fact, could such an issue be disposed of by motion to dismiss under Section 48? The main purpose of that section (aside from (1)(i)) is to provide for a disposition of a case upon such defenses as jurisdiction of the court, legal capacity to sue and be sued, prior judgment, and other defenses which may be decided by resort to a record or matter so conclusive that a plaintiff could not deny it. However, Section 48(1)(i) which has been added seems to have embarked on a field the limits of which are not as yet defined. It provides for the use of the motion when "the claim or demand asserted by a defendant is barred by other affirmative matter voiding the legal effect of or defeating a claim or demand." This might be taken to mean any plea of new matter, factual or otherwise. Obviously, it cannot have such a broad interpretation, for so applied it could result in a trial without a jury (although one may have been demanded), without oral evidence and without cross-examination. We will not undertake to define the limits of Section 48(1)(i) at this time, but it is clear that where the affirmative matter, so-called, is nothing more than evidence upon which a defendant expects to contest a vital fact stated in a complaint, such as the averment in the instant case that the libelous language was said of and concerning plaintiff, the motion to

553

dismiss under Section 48(1)(i) is not proper. An issue is presented, to be tried in ordinary course.

The order is reversed and the cause is remanded with directions to deny the motion, to direct defendant to answer, and to set the cause down for trial, and for such other and further proceedings as are consistent with the views herein expressed.

Order reversed and cause remanded with directions.

McCORMICK, P. J. and ROBSON, J., concur.