Kenneth E. Haymes, a Minor, by Dorothy Haymes, His Mother and Next Friend, Plaintiff-Appellant, v. Catholic Bishop cf Chicago, a Corporation Sole, Defendant-Appellee.

Gen. No. 49,223.

First District, Fourth Division.

September 9, 1964.

Rehearing denied and opinion modified October 9, 1964.

Philip H. Corboy, of Chicago (James P. Chapman, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff, a minor, appeals [1] from a judgment for defendant entered on the latter's motion to dismiss an amended complaint which sought damages for injuries sustained January 18, 1960 on school premises operated by defendant.

One of the points raised in defendant's motion to dismiss, and relied on by defendant in this court, is that plaintiff's action is foreclosed because of his failure to comply with the notice provision of the 1959 School Tort Liability Act, relating to damages recoverable against nonprofit private schools. (Ill Rev Stats 1959, c 122, §§ 823, 824.) There is no question but that the statute does require the filing of a written notice within six months from the date of injury, giving the name and address of the person injured, the date, hour, and place of the occurrence, and the name and address of the attending physician, if any. There is also no question but that the amended complaint does not allege the giving of such notice, and, since plaintiff was afforded an opportunity to amend further, it may be presumed that no such notice was filed.

So far as we know, this statute has not been construed by a reviewing court. Defendant urges us to consider it a parallel to statutes relating to dramshop and wrongful death actions (Ill Rev Stats c 43, § 135; c 70, § 2), since in both those situations it has been held that the time fixed for the filing of suit is a condition of liability, not merely a limitation of the remedy, and that it is, therefore, applicable to all plaintiffs, including minors. Lowrey v. Malkowski, 20 Ill2d 280, 284, 170 NE2d 147; Wilson v. Tromly, 404 Ill 307, 310, 89 NE2d 22.

---

[1] The appeal was taken direct to the Supreme Court, but, after briefs were filed, the cause was transferred to this court.

The language of the statute before us, however, does not follow the texts of the Dram Shop and Wrongful Death Acts, but, rather, it is virtually identical to the notice of claim provisions enacted earlier in regard to Cities and Villages (Ill Rev Stats c 24, § 1-4-2) and the Metropolitan Transit Authority (c 111⅔, § 341). The notice requirement contained in the first of these statutes has consistently been held inapplicable to minors: McDonald v. City of Spring Valley, 285 Ill 52, 54, 120 NE 476; Doerr v. City of Freeport, 239 Ill App 560; Sobieski v. City of Chicago, 234 Ill App 382. And in a case arising under the Transit Authority Act it was also held that in "following the language of the Cities and Villages Act provision, the legislature will be considered to have adopted the judicial construction given the language of that act by the courts." Frowner v. Chicago Transit Authority, 25 Ill App2d 312, 317, 167 NE2d 26.

█ In arguing for the principle embodied in the Dram Shop and Wrongful Death Acts, defendant contends that, like these acts, the School Tort Liability Act creates an entirely new cause of action,[2] whereas the Cities and Villages Act deals with a previously existing common-law cause of action. We cannot accept the point, as we believe that the School Tort Liability Act merely establishes limitations with respect to a nonstatutory cause of action.[3] This appears

[2] When the notice of appeal was filed in this case plaintiff, himself, was apparently of the opinion that the statute created a new cause of action since the stated basis for direct appeal to the Supreme Court was the unconstitutionality of the act as being an unauthorized legislative interference with the free exercise of religion.

[3] On May 21, 1959 the Supreme Court adopted its opinion in Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89, terminating the long-standing, court-created doctrine of school district immunity to tort liability. A petition for

to us to be made clear by the language of Sections 1 and 10 of the Act.[3a] See also *Garrison v. Community Consol. School Dist.*, 34 Ill App2d 322, 327, 181 NE2d

rehearing was filed, but not yet acted upon, when the legislature passed the School Tort Liability Act, above referred to, which became effective July 22, 1959. This action by the legislature was obviously in response to the Molitor decision. Four other related bills were also passed at that time granting tort immunity to park districts (Ill Rev Stats 1959, c 105, §§ 12.1–1, 491), counties (c 34, § 301.1), forest preserve districts (c 57½, § 3a), and the Chicago Park District (c 105, § 333.2a).

After rehearing, the Molitor opinion was modified, but remained unchanged in regard to the question here involved. The modified opinion was filed on December 16, 1959.

The basic right to recover for tortious wrongs was not established by the Molitor decision. It merely abolished the principle of immunity in certain types of cases.

[3a] Ill Rev Stats 1959, c 122, §§ 821, 830 which read as follows:

§ 821. Public policy
The General Assembly finds and hereby enacts as the public policy of the State of Illinois that public schools in the exercise of purely governmental functions should be protected from excessive diversion of their funds for purposes not directly connected with their statutory functions, if there is liability imposed by any court, and that there should be a reasonable distribution among the members of the public at large of the burden of individual loss from injuries incurred as a result of negligence in the conduct of school district affairs; and that non-profit private schools conducted by bona fide eleemosynary or religious institutions should be protected from excessive diversion of their funds for purposes not directly connected with their educational functions and also that there should be a reasonable contribution by non-profit private schools conducted by bona fide eleemosynary or religious institutions toward alleviation of the burden of individual loss arising from injuries incurred as a result of negligence in the conduct of such non-profit private schools.

§ 830. Construction
Nothing contained in this Act shall be deemed to authorize the bringing of any action against any school district or nonprofit private school, nor the entry of a judgment in any such action.

360; and Bergman v. Board of Education of Chicago, 30 Ill App2d 65, 69, 173 NE2d 565.

■ As to this point we therefore conclude that compliance with the notice requirement of the statute need not have been alleged by plaintiff in this case, a minor thirteen years of age.

We come, then, to the question of whether or not the amended complaint sufficiently alleges facts which state a cause of action. In this court no criticism is made of the portions of the complaint alleging: due care on the part of plaintiff; a duty on the part of defendant to use ordinary care in the maintenance of its premises so that its students, including plaintiff, would not be injured; a fall by plaintiff while using the cloak room on the premises; injuries sustained by plaintiff; and proximate cause. Thus defendant's position is narrowed to the contention that the complaint was properly dismissed because it does not allege facts sufficient to constitute negligence on the part of defendant or a breach of the duty alleged. The questioned allegations are all found in one paragraph of the amended complaint which reads as follows:

8. That at the time and place aforesaid the defendant, Catholic Bishop of Chicago, a corporation sole, was then and there guilty of one or more of the following acts:

(a) Carelessly and negligently managed, maintained, controlled and operated its premises so that as a direct and proximate result thereof the plaintiff was injured;

(b) Carelessly and negligently allowed the floor of said premises to be and remain in an unsafe and dangerous condition although the defendant knew or in the exercise of ordinary care ought to have

145

known of said dangerous and unsafe condition;

(c) Carelessly and negligently allowed an unsafe and dangerous condition to be and remain on said premises in that the floor of the portion of the said premises used as a cloak room was allowed to be and remain in a highly slippery condition;

(d) Carelessly and negligently allowed an unsafe and dangerous condition to exist on said premises in that it allowed a certain coat or coats or other objects to be and remain on the floor of the cloak room in such a place that it was likely that the plaintiff would come into contact with said objects;

(e) Carelessly and negligently allowed articles of clothing to be and remain on a highly slippery floor although the defendant knew or in the exercise of ordinary care ought to have known that this could cause injury to the plaintiff;

(f) Carelessly and negligently failed to give the plaintiff warning of the nature of said premises although the defendant knew or in the exercise of ordinary care ought to have known that such warning was reasonably necessary to prevent injury to the plaintiff;

(g) Carelessly and negligently failed to examine and inspect the aforesaid premises within reasonable time prior to the occurrence herein complained of;

(h) Carelessly and negligently failed to furnish, provide and maintain adequate lighting at or near the location in said premises where the aforesaid occurrence took place.

146

 In a recent opinion we expressed at some length what we consider to be the proper approach in determining the sufficiency of pleadings. Kita v. YMCA of Metropolitan Chicago, 47 Ill App2d 409, 198 NE2d 174.[4] The rules are easy to state but sometimes very difficult to apply. A complaint must allege facts stating a cause of action; evidentiary facts need not be stated; ultimate facts should be stated; facts stated must not contain conclusions; and so on.

 Section 31 of the Practice Act preserves the requirement that "substantial averments of fact" are necessary to state any cause of action, and Section 33 provides that "pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense,[5] or reply." Ill Rev Stats c 110, §§ 31, 33. We believe that the complaint in the instant case meets the requirements of these sections, especially in view of the general purpose of the Act, and bearing in mind the Act's own directive that it be liberally rather than strictly construed. Ill Rev Stats c 110, § 4. Our conclusion that the complaint is sufficient is supported also by Sections 33(3) and 42(2) which provide that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties," and that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." Ill Rev Stats c 110, §§ 33(3) and 42(2).

If defendant considers that the amended complaint's "allegations are so wanting in details" that particulars are required for preparation of his defense, then he may take action under Section 37 of the Act or

---

[4] See also Dammann v. Turner Cartage & Storage Co., 48 Ill App2d 65, 198 NE2d 352.

[5] Thus the same general rule of construction should apply to all parties in litigation. See Johnson v. Schuberth, 40 Ill App2d 467, 480 to 483, 189 NE2d 768.

proceed along any of the avenues of discovery which are available to him. Ill Rev Stats c 110, §§ 37, 58.

Paragraph 11 of the amended complaint states:

> 11. Plaintiff alleges that the defendant, Catholic Bishop Of Chicago, has purchased and procured insurance coverage out of which any judgment obtained in this cause may be satisfied.

This allegation (which was specifically attacked in defendant's motion to dismiss) is neither necessary nor appropriate since Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89. Paragraph 11 of the amended complaint is, therefore, stricken.

Further in regard to the School Tort Liability Act, plaintiff concedes that Section 5B thereof (Ill Rev Stats c 122, § 825) limits the amount recoverable in the case at bar to $10,000. The amended complaint contains an ad damnum of $40,000, and defendant urges this as a sufficient ground, in itself, to justify affirmance. We cannot agree to so harsh a result, and, therefore, to remove this issue from the case we hereby order that the amended complaint be further amended by reducing the ad damnum to $10,000. Ill Rev Stats c 110, §§ 46(1), 92(1); Supreme Court Rule 50.

The order of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and McCORMICK, JJ., concur.