Alan C. Terrill, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, and The Catholic Bishop of Chicago, a Corporation Sole, and St. John De La Salle Parish, Defendants-Appellees.

Gen. No. 50,474.

First District, Third Division.

June 2, 1966.

Michael Hinko, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann and Dennis J. Horan, of counsel), for The Catholic Bishop of Chicago, appellee; no brief filed for City of Chicago, appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order dismissing Counts II and III of plaintiff's amended complaint, and for judgment in favor of the defendant, The Catholic Bishop of Chicago, a corporation sole, for costs against the plaintiff. The order recites that there is no just reason to delay enforcement of, or appeal from, the judgment and order. The main question involved in this case is whether the plaintiff was required to serve a six months' notice, pursuant to section 3 of the act known as Tort Liability of School Districts and Nonprofit Private Schools (Ill Rev Stats 1961, c 122, par 823).

The original complaint at law was filed on the 25th day of February, 1964, and alleged that on the 26th day of February, 1963, the defendant, City of Chicago, a Municipal Corporation, leased certain premises at or near 10206 South Vernon Avenue, Chicago, Illinois, and in particular, the stairway going from the northeast entrance down to the basement of the St. John De La Salle school building. The defendants, The Catholic Bishop of Chicago, a corporation sole, and St. John De La Salle Parish owned, controlled and managed the premises known as 10200 South Vernon Avenue. The defendants were charged with carelessly and negligently maintaining, managing, owning and controlling the buildings, building entrances, stairways, etc., permitting them to become wet, slippery and dangerous, thereby causing the plaintiff to slip and fall, by means of which acts plaintiff was caused to and did fall upon the stairway, inflicting severe injuries. The complaint then set forth the various alleged acts of negligence on the part of the defendants collectively. The original complaint further alleged that on the 23rd day of August, 1963, within six months from the time of the occurrence complained of, a notice of claim for personal injuries, a copy of which was attached to the complaint, was served upon the City of Chicago, and upon its City Clerk and Corporation Counsel. The notice of personal injuries at-

288

tached to the original complaint alleged that the accident and injuries to the plaintiff occurred on a stairway going from the entrance down to the basement of the St. John De La Salle school building, and that the school building is part of the St. John De La Salle church property.

The defendants thereafter filed a motion to dismiss under section 48(1)(i) of the Illinois Civil Practice Act (Ill Rev Stats 1963, c 110, § 48(1)(i)). In the motion to dismiss the defendants stated that the plaintiff's action against The Catholic Bishop of Chicago, a corporation sole, was based upon the negligence of the defendants in the ownership, operation and maintenance of the St. John De La Salle school premises; that under the statute (Ill Rev Stats 1963, c 122, pars 823 and 824) the plaintiff was required to file a statement in writing in the office of the Superintendent or Principal of such school in the case of nonprofit private schools, and that upon the failure to file such notice within such prescribed time, such civil action should be dismissed, and that the person to whom such cause of action accrued for any personal injury or property damage shall be therefore barred from ever suing. The defendant, The Catholic Bishop of Chicago, a corporation sole, also stated in the motion that the plaintiff had not complied with section 823 above mentioned in that he failed to file the required statement in writing with the Superintendent or Principal of the St. John De La Salle school. The motion was sworn to. Without argument on this motion the plaintiff asked and obtained leave to file an amended complaint. Count I of the amended complaint is against the defendant, City of Chicago and is not involved in this appeal. Count II was against The Catholic Bishop of Chicago, a corporation sole, and the only change made in Count II of the amended complaint was to change the location of the alleged injuries from the St. John De La Salle school building to the St. John

De La Salle church building. Count III of the amended complaint was against The Catholic Bishop of Chicago, a corporation sole, and alleged that the said defendant had in full force and effect a policy of insurance protecting the defendant from loss for any claims for injuries, and that by virtue of such insurance protection the defendant waived any and all immunity or restrictions of actions.

An affidavit was filed on behalf of the plaintiff signed by Right Reverend John J. Murphy stating that he was the Pastor of the St. John De La Salle Church; that he was familiar with the stairway leading from the ground floor to the basement of the premises wherein the plaintiff sustained injuries; that the said stairway was at the time under the maintenance, management and control of St. John De La Salle Church and owned by the Catholic Bishop of Chicago; that there is no superintendent of the St. John De La Salle School; that the St. John De La Salle School does not own, maintain, manage or control any of the premises mentioned; that the janitorial and maintenance services are paid for by the St. John De La Salle Church; that on occasions when part of the premises are leased to the Board of Election Commissioners of the City of Chicago for matters pertaining to elections the rental therefrom is placed into the church treasury; that the facilities which are on occasion leased to the Board of Election Commissioners are used by the church for meetings and choir practices and that the premises are insured by the St. John De La Salle Church and in the name of the Catholic Bishop of Chicago and premium payments are made by the St. John De La Salle Church.

Thereafter the same Right Reverend John J. Murphy filed an amended affidavit on behalf of the defendant Catholic Bishop of Chicago in which he set forth that there is no legal entity known as the St. John De La Salle Parish; that on February 26, 1963, the plaintiff was alleg-

edly injured in a fall on the St. John De La Salle Parish school premises; that the building in which Mr. Terrill was allegedly injured is a school building built in 1950 and consists of two floors of classrooms with four classrooms per floor as well as an auditorium in the basement. That the St. John De La Salle church building was built in 1950 with one wall contiguous to the school building; that the plaintiff fell in the school building and not in the church building; that the St. John De La Salle school is owned and operated by the Catholic Bishop of Chicago, a corporation sole, which is a not-for-profit private corporation and does not have shareholders nor declare dividends; that all of its funds for maintenance and operation are provided by the Catholic Bishop of Chicago, a not-for-profit corporation, and that all of its funds are used for the operation and maintenance of the school and that no private persons have an ownership interest in or realize profit from the operation of the school.

A motion was made by the defendant, Catholic Bishop of Chicago to strike Count III of plaintiff's amended complaint at law and also a motion was filed to dismiss Counts II and III of plaintiff's amended complaint under section 48(1) (i) of the Civil Practice Act. The plaintiff also filed an affidavit on his own behalf to the effect that he was familiar with the church premises located at the southwest corner of 102nd and Vernon Avenue, and that the stairway leading from the ground level to the basement of the church premises where the alleged accident occurred is part of the church premises and used primarily for church purposes. He also stated that on the date of the accident the stairway was used exclusively for the benefit of St. John De La Salle Church, as lessor of the premises to the City of Chicago.

It would appear that the hall or auditorium in the basement had been leased for one day to the Board of Election Commissioners of the City of Chicago.

On December 23, 1964, the court heard the motion of the defendant to dismiss Counts II and III of the amended complaint, which was sustained on the ground that plaintiff had failed to file the six months' notice required by statute, and the court thereupon dismissed Counts II and III. The court also entered judgment for costs against the plaintiff in favor of the defendant, Catholic Bishop of Chicago.

The first question to be determined is whether the plaintiff was required to serve a six months' notice on the principal of St. John De La Salle school, assuming the accident happened on the school property.

Paragraph 823 of the Schools Act (Ill Rev Stats 1963, c 122, par 823) reads in part as follows: "With respect to nonprofit private schools, the statement in writing required hereunder shall be filed in the office of the Superintendent or Principal of such school." There is no question but that no statement in writing was filed by the plaintiff in the office of the principal of the school, nor with anyone connected with the school.

The Tort Liability of School Districts and Nonprofit Private Schools Act reads as follows: "AN ACT relating to damages recoverable against school districts and nonprofit private schools for injuries occurring as a result of negligence in the conduct of schools." Section 1 of said Act, which sets forth the public policy of the State, refers to nonprofit private schools conducted by bona fide eleemosynary or religious institutions. (Ill Rev Stats 1963, c 122, par 821.) There can be little doubt that the legislature had in mind at the time of the passage of this Act private schools conducted by religious institutions.

■ The school building in question was owned by the defendant, The Catholic Bishop of Chicago, a corporation sole, and if the accident happened in the school building so operated and owned by the defendant, the failure of the plaintiff to file a notice upon the principal of

292

the school within six months of the date of the accident would preclude recovery by the plaintiff against the defendant, Catholic Bishop of Chicago. From a reading of the affidavits filed herein by the plaintiff, there is considerable ambiguity as to whether the accident occurred in the school building or in the church building. It would appear that the plaintiff has been using the words "church building" in the sense that the school property was owned by the church. However, we feel that the affidavits submitted on behalf of the plaintiff and the motion and affidavit filed by the defendant, created a question of fact as to the exact location of the accident.

■ ■ Section 48(3) of the Civil Practice Act provides in part as follows:

". . . If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one at law and a jury demand has been filed by the opposite party in apt time."

The plaintiff had filed a jury demand in this case. The disputed question is material and genuine and this section does not contemplate that findings of fact shall be based on a contest conducted through affidavits. Davis v. Hoeffken Bros., Inc., 60 Ill App2d 139, 208 NE2d 370. As to whether the accident happened in the school building or in the church building cannot be determined from reading the affidavits. That fact is in dispute and cannot be decided by the court under section 48, since a jury demand had been filed by the plaintiff and a decision on this question is vital to the plaintiff's case.

■ ■ The plaintiff in his argument seems to contend that ownership of the premises should determine whether it is a school or a church building, and since the premises in question are owned by a church, namely, The Catholic Bishop of Chicago, a corporation sole, the notice is not required. This is faulty reasoning. The only question to be determined is whether the accident happened in the building devoted to school purposes, or in the building devoted to church purposes. The fact that an auditorium or assembly room in a school is at times used for purposes other than for teaching is not controlling. It is common knowledge that auditoriums and assembly rooms in all schools, whether public or private, are at times used for purposes other than strictly for teaching purposes. However, this does not change the character of the building or the use to which the building is devoted. We think this case must be sent back to the trial court. The question of whether the building was primarily devoted to and known as school premises, or primarily devoted to and known as the church of the Parish, must be decided at the trial.

That part of the judgment order which sustained the motion to strike and dismiss Count III of the amended complaint must be affirmed. Count III related to insurance carried on the building.

In Haymes v. Catholic Bishop of Chicago, 52 Ill App 2d 140, 201 NE2d 675, the court held that an allegation that the defendant had purchased and procured insurance coverage out of which any judgment obtained might be satisfied is neither necessary nor appropriate since Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89. Likewise, the allegation in Count III as to the insurance coverage did not state a cause of action.

■ ■ The plaintiff seeks to raise constitutional issues for the first time on appeal to this court. Appeals

from final judgments of circuit courts shall be taken directly to the Supreme Court in cases involving a question arising under the constitution of this State. (Ill Rev Stats 1965, c 110, § 101.28–1.) Since this is an appeal from a final judgment of the circuit court involving a question arising under the constitution of this State, the appellate court does not have jurisdiction to hear the same. The defendant, Catholic Bishop of Chicago, has moved to strike all constitutional issues raised in this appeal. The plaintiff has asked in the alternative that the constitutional issues be transferred to the Supreme Court. While under present law the appellate court is given authority to transfer to the Supreme Court, in our opinion such a transfer would be futile. Since the constitutional issues raised on this appeal were not raised in the trial court, the Supreme Court would not consider them. Village of Lansing v. Hacker, 7 Ill2d 258, 130 NE2d 265; People v. Estep, 409 Ill 125, 97 NE 2d 823. The Supreme Court of Illinois has repeatedly held that it will not decide constitutional questions which have not been raised in the trial court. The defendant, Catholic Bishop of Chicago, has moved to strike all constitutional issues raised in this appeal and the same are stricken.

The plaintiff has raised other points which we feel will not occur again in the trial of this case, and we will not unduly lengthen this opinion solely for the purpose of discussing them. The judgment of the trial court as to the dismissal of Count III of the amended complaint of the plaintiff is affirmed, and the judgment of the trial court sustaining the defendant's motion to dismiss Count II of the amended complaint is reversed and remanded.

In Kinsey v. Thompson, 44 Ill App2d 304, 194 NE2d 565, the appellate court held that where a question of fact was created by affidavits filed in support of and

in opposition to a motion, that question shall be determined by a jury. On page 308 of the Kinsey case, supra, the court said:

"We are aware that to permit the same jury to determine whether or not there had been a waiver of the statute of limitations and at the same time determine the question of liability and damages in the personal injury suit, would be violative of basic principles long announced in the Courts of this State. It would, therefore, be essential for a preliminary trial of the issue of waiver or estoppel to plead the statute of limitations, and thereafter, by a separate jury, if the jury should decide that there was in fact waiver or estoppel relating to the statute, of the basic issues in the personal injury action, by another different jury."

■ We are remanding this case on authority of the Kinsey case, supra, with instructions that if the defendant, Catholic Bishop of Chicago, should plead the failure of the plaintiff to file a six months' notice, and in said pleading allege that the accident occurred in the school building, then the issue shall be tried by a separate jury which will determine whether the accident happened in the building known as the school building or in the church building proper. Should that jury determine that the accident occurred on premises primarily used for school purposes, the case against the Catholic Bishop of Chicago should be dismissed for failure of plaintiff to serve a six months' notice. If the jury finds that the accident happened on premises primarily used for church purposes, then the case shall be submitted to a separate jury to determine the basic issues of the personal injury action.

Affirmed in part, reversed and remanded in part with directions as above set forth, and such other and further

proceedings as are not inconsistent with the views expressed herein.

SCHWARTZ and DEMPSEY, JJ., concur.