MARCIA KINNEY, Plaintiff-Appellant, *v.* CONTINENTAL ASSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 61625

Opinion filed September 21, 1976.

Frederic L. Goff, of Chicago, for appellant.

Patrick T. Driscoll, Jr., and Joseph V. Roddy, both of Chicago, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

On May 1, 1972, Marcia Kinney was walking along Washington Street in downtown Chicago when the co-defendant John C. Kimberly (Kimberly) drove his car over the curb striking and injuring her and other pedestrians. The complaint filed by Marcia Kinney (plaintiff) charged Kimberly and, on a vicarious basis, Continental Assurance Company (Continental) with negligence. The complaint alleged that Kimberly was an employee of Continental and further that he was acting within the scope of his employment at the time of the occurrence. Continental filed a motion for involuntary dismissal under section 48(1)(i) of the Civil

Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(i)[1]) alleging that the claim is barred because Kimberly was not an employee of Continental or, in the alternative, that Kimberly was not acting within the scope of his employment at the time of the occurrence. The trial court granted Continental's motion for an involuntary dismissal. We will only consider this appeal with regard to the issue concerning the scope of employment, since that will be dispositive. Kimberly is not a party to this appeal.

Plaintiff presents a threshold question of whether a motion for an involuntary dismissal under section 48(1)(i) is designed to consider questions such as questions of employment and scope of employment as presented here. The plaintiff cites *John v. Tribune Co.* (1958), 19 Ill. App. 2d 547, 154 N.E.2d 862, which held that the trial court was in error in a libel case when it considered under Civil Practice Act, section 48(1)(i), whether the alleged libelous matter was "of and concerning" the plaintiff. In that case as in the instant case, the motion was considered solely on the basis of affidavits. The appellate court held that the matter of "of and concerning" constituted a material and genuine disputed question of fact and not a question of law. But the plaintiff fails to note in his brief that the supreme court in *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105, reversed the appellate court on this very issue and found *as a matter of law* on the same affidavits that the allegedly libelous material was not "of and concerning" the plaintiff.[2] The historical and practice notes to Civil Practice Act, section 48 (Ill. Ann. Stat., ch. 110, par. 48, Historical and Practice Notes at 354 (Smith-Hurd 1968)), state:

> "The purpose of this section is primarily that of affording a means of obtaining at the outset of a case a summary disposition of issues of law or of *easily proved issues of fact*, with a reservation of jury trial as to disputed questions of fact. The basis of the motion must go to the entire claim or demand. This amounts to a summary judgment procedure on behalf of the defendant, or of the plaintiff in case of counterclaim." (Emphasis added.)

---

[1] §48. Involuntary dismissal based upon certain defects or defenses. (1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

(i) That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand.

[2] It should be noted that after the appellate court reversed the trial court ruling on the motion in the case of *John v. Tribune Co.* (1958), 19 Ill. App. 2d 547, 154 N.E.2d 862, and sent it back for a trial on the issue of whether the article was of and concerning the plaintiff, it was tried on that issue and a judgment was entered in favor of the defendant and against the plaintiff. An appeal was taken from that judgment and in the case of *John v. Tribune Co.* (1960), 28 Ill. App. 2d 300, 171 N.E.2d 94, the appellate court reversed the judgment because of trial errors. On appeal to the supreme court, from that opinion, in *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105, the supreme court considered the motion which was the subject of the first appeal.

(See also Ill. Ann. Stat., ch. 110, par. 48, Supplement to Historical and Practice Notes at 53 (Smith-Hurd 1976-1977 Supp.).) We believe that the questions of employment and scope of employment under the circumstances in this case are easily proved issues of fact which could properly be considered and decided on a motion under Civil Practice Act, section 48(1)(i).

Civil Practice Act, section 48(1), provides that, if the grounds for the motion for an involuntary dismissal do not appear on the face of the pleadings attacked, the motion shall be supported by affidavit. On the matter of scope of employment, Continental presented the entire discovery deposition of Kimberly taken in another case. Discovery depositions may be used for the same purposes for which an affidavit may be used under Supreme Court Rule 212(a)(4). (Ill. Rev. Stat. 1973, ch. 110A, par. 212(a)(4); *Sierens v. Clausen* (1975), 60 Ill. 2d 585, 328 N.E.2d 559.) Sections 48(3) provides that, upon the hearing of the motion, the opposite party may present affidavits or other proof denying the facts alleged or establishing facts obviating the grounds for the defect. Plaintiff did not present any other affidavits of its own, but relied, as did Continental, on the deposition of Kimberly, which thereby became a counteraffidavit for plaintiff as well as an affidavit for Continental. Section 48(3) further provides that the court may hear and determine the motion on the affidavits and other proofs offered and on this state of the record may grant or deny the motion. The court considered this motion under that portion of section 48(3). The court only considered the deposition; it did not weigh any testimony.

The deposition of Kimberly relied on by both parties as previously mentioned, states that on the date of the occurrence his working hours were from 4:30 p.m., to 12:30 a.m. On that day, at about noon, Kimberly states he went to Continental's place of business located at the south end of Chicago's downtown area to inform his supervisor that he was not feeling well and that he was going to Hines Hospital. The supervisor told him to let him know whether he was admitted and just what his status was. Kimberly stated he reported to work several hours early on that date because he thought he would inform them before his shift started that he might not be in and that he might be admitted to the hospital. He said he intended to return to work that afternoon if the doctor said he was not ill. At about 1 p.m., when Kimberly left the premises of Continental, it was raining. He drove south to Roosevelt Road and then returned north, past his place of employment, to another building in the middle of the downtown area. He had a drink at a restaurant in that building and then went to another restaurant about a half block away for a cup of coffee. When the rain stopped, he got back into his car and started to go west toward the hospital. The accident occurred a few minutes later, at 2:30

p.m., on Washington Street, an eastbound one-way street, near State Street.

Kimberly further stated in his deposition that it was his impression that it was the policy of the company to permit employees to see their physicians and return to work. He did not know of anyone who had ever requested leave to see his or her physician. He did not know whether Continental had a company nurse or doctor.

From these facts plaintiff argues that these circumstances raise a material and genuine disputed question of fact as to whether he was acting within the scope of his employment. For that reason, plaintiff contends that, under section 48(3), the question of the scope of employment should be considered by the trier of fact only after an evidentiary hearing. In support of this contention he cites the case of *Terrill v. City of Chicago* (1966), 72 Ill. App. 2d 286, 219 N.E.2d 705. In *Terrill* the court found there was a material and genuine disputed question of fact regarding the location of the accident, raised by conflicting affidavits of the parties. The court stated that, since a jury demand had been filed and the exact location of the accident could not be determined from a reading of the contradictory affidavits, the matter should not be decided by the court without a jury. *Terrill* is distinguishable from the instant case in that in *Terrill* the court found a material and genuine disputed question of fact because the affidavits were controverted. The facts here are uncontroverted and undisputed. Could fair-minded people infer from these facts that Kimberly was acting within the scope of his employment? (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 150, 240 N.E.2d 699.) We think not. It is well settled that the general rule of law is that accidents which occur while an employee is going to or from his employment do not arise out of or in the course of his employment. (*Burmeister v. Industrial Com.* (1972), 52 Ill. 2d 84, 284 N.E.2d 625.) While there are exceptions to this rule, none of the exceptions apply here. Kimberly was on his own time, on his own errand, in his own automobile. There is nothing to suggest he could have been within the scope of his employment or under the direction or control of Continental at the time of the occurrence.

Plaintiff suggests there should be an evidentiary hearing in order to adduce evidence to support her position that Kimberly was acting within the scope of his employment. On defendant's filing of the motion plaintiff was obligated to bring forth by way of counteraffidavits the facts and all evidence it believed would be necessary to raise a disputed question of fact. See *Gordon v. Oak Park School District No. 97* (1974), 24 Ill. App. 3d 131, 136, 320 N.E.2d 389.

The trial court was correct in ruling as a matter of law that Kimberly was not acting within the scope of his employment and consequently was

not an agent for whom Continental was responsible. For the above reasons we affirm the trial court's decision dismissing Continental.

Affirmed.

HAYES and DOWNING, JJ., concur.