**Hal PUGH, Plaintiff,**

v.

**OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, Inc.,**
Defendant.

Civ. A. No. 7116.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 22, 1958.

Baron B. Bourg, Houma, La., for plaintiff.

Seale, Kelton & Hayes, Donald V. Organ, Baton Rouge, La., for defendant.

WRIGHT, District Judge.

This case involves another attempt, via state statute, further to whittle down the once revered doctrine of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. Like most similar attempts, it succeeds

**156**

because the considerations which gave rise to the personal jurisdiction doctrine of Pennoyer v. Neff are no longer valid. Notice, opportunity adequately to defend, and assurance of fair trial no longer depend on physical presence within the jurisdiction. Consequently, the requirement of physical presence has been replaced by such considerations as minimal contacts giving the state a legitimate interest in the proceedings plus an application of the doctrine forum non conveniens. Or, as some cases have stated it, minimal contacts plus "reasonableness," "justice," and "fair play." International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

The Non-Resident Motorist Statute here in suit has been part of the law of Louisiana since 1928. The validity of such statutes was first upheld on a theory of consent implied from use of the state's highways. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. Now these statutes are generally justified as a proper exercise of police power of the state.[1] The legitimate interest of the state in making her courts available for litigation arising from accidents occurring within her borders plus notice, opportunity to defend and general fairness in the proceedings are sufficient to overcome any constitutional objections based on lack of "presence" within the jurisdiction.[2] In short, where there is a proper accommodation between the police power of the state and the due process requirements of the Constitution, validity is assured.

In 1956 Louisiana amended her Non-Resident Motorist Statute[3] by extend-

1. In Olberding v. Illinois Central R. Co., 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39, Mr. Justice Frankfurter said: "It is true that in order to ease the process by which new decisions are fitted into pre-existing modes of analysis there has been some fictive talk to the effect that the reason why a non-resident can be subjected to a state's jurisdiction is that the non-resident has 'impliedly' consented to be sued there. In point of fact, however, jurisdiction in these cases does not rest on consent at all. See Scott, Jurisdiction over Nonresident Motorists, 39 Harv.L.Rev. 563. The defendant may protest to high heaven his unwillingness to be sued and it avails him not. The liability rests on the inroad which the automobile has made on the decision of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, as it has on so many aspects of our social scene. The potentialities of damage by a motorist, in a population as mobile as ours, are such that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself."

2. See Scott, Jurisdiction over Nonresident Motorists, 39 Harv.L.Rev. 563.

3. LSA–R.S. 13:3474, as amended, reads: "The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a non-resident or his authorized agent or employee of a motor vehicle within the state of Louisiana, shall be deemed equivalent to an appointment by such non-resident of the secretary of Louisiana or his successor in office, to be his true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle, if such insurer be a non-resident not authorized to do business in the state, upon whom or such insurer, may be served all lawful process in any action or proceeding against the non-resident, or such insurer, growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle in this state, or while same is operated by his authorized agent or employee. In the event of the death of such non-resident before service of process upon him, any action or proceeding growing out of such accident or collision may be instituted against the executors or administrators of such deceased non-resident, if there be such, and if not, then against his heirs or legatees, and service may be made upon them as provided in R.S. 13:-3475. Process against the defendant or defendants, the non-resident, his executors or administrators, if there be such. and if not, then against his heirs or legatees, or the liability insurer of such vehicle, as the case may be, shall be of the same legal force and validity as if served upon such defendant personally."

ing its application to liability insurers of non-resident motorists as well as personal representatives and heirs of such motorists. Similar extensions in other states as to personal representatives and heirs have, with one exception,[4] been held valid.[5] In suit here is a constitutional attack on the extension of the Louisiana statute to insurers. The defendant is an insurance company domiciled in Oklahoma. It has never formally qualified to, nor does it, transact business in Louisiana. The policy in suit was issued to a resident of Oklahoma covering the car which later was involved in an accident in Louisiana. Plaintiff, a resident of Texas and a passenger in that car, brought this action for damages resulting from injuries received in the accident, against the insurer in a Louisiana state court from whence it was removed here. Service on the insurer was effected through the Secretary of State of Louisiana pursuant to the 1956 amendment to the Louisiana Non-Resident Motorist Statute. There is no question of actual notice of the proceedings. In fact, counsel employed by the insurer have filed this motion to quash the service and dismiss the complaint. Moreover, had this action been brought here against the assured, rather than his insurer, these same counsel would have represented the assured, since the policy, like most liability policies, provides that the insurer will defend any action covered by the policy brought against the assured.

▌ This complaint was filed directly against the insurer, rather than the assured, under LSA–R.S. 22:655[6] which

---

LSA–R.S. 13:3475, as amended, reads: "The service of the process authorized by R.S. 13:3474 shall be made by serving a copy of the petition and citation on the secretary of state, or his successor in office, and such service shall be sufficient service upon said defendant, the non-resident, the executors or administrators of the deceased non-resident, if there be such, and if not, then against his heirs or legatees, or the non-resident liability insurer of the vehicle, as the case may be; provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the defendant and defendant's returned receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said defendant. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

4. Knoop v. Anderson, D.C., 71 F.Supp. 832.

5. Feinsinger v. Bard, 7 Cir., 195 F.2d 45; Oviatt v. Garretson, 205 Ark. 792, 171 S.W.2d 287; Plopa v. DuPre, 327 Mich. 660, 42 N.W.2d 777; Leighton v. Roper, 300 N.Y. 434, 91 N.E.2d 876, 18 A.L.R.2d 537.

6. LSA–R.S. 22:655 reads: "No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors mentioned in Revised Civil Code Article 2315, or heirs against the insurer. The injured person or his or her survivors hereinabove referred to, or heirs, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled, and said action may be brought against the insurer alone or against both the insured and insurer, jointly and in solido, at either of their domiciles or principal place of business in Louisiana. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or in-

permits a direct action for damages against a liability insurer based on torts committed within the state. This statute has been upheld against constitutional attack even where the policy in suit contains a "no action" clause,[7] as this one does, and was issued in a state where such clause was enforceable. Mr. Justice Black in Watson v. Employers Liability Assurance Corp., 348 U.S. 66, 72, 75 S.Ct. 166, 170, 99 L.Ed. 74, gives the rationale of the decision: "Louisiana's direct action statute is not a mere intermeddling in affairs beyond her boundaries which are no concern of hers. Persons injured or killed in Louisiana are most likely to be Louisiana residents, and even if not, Louisiana may have to care for them. Serious injuries may require treatment in Louisiana homes or hospitals by Louisiana doctors. The injured may be destitute. They may be compelled to call upon friends, relatives, or the public for help. Louisiana has manifested its natural interest in the injured by providing remedies for recovery of damages. It has a similar interest in policies of insurance which are designed to assure ultimate payment of such damages. Moreover, Louisiana courts in most instances provide the most convenient forum for trial of these cases."

Since the state has validly created this right of direct action under LSA–R.S. 22:655 against the insurer for damages resulting from accidents within its borders, may it provide a forum, through substituted service under LSA–R.S. 13:-3574, for the exercise of that right against an insurer whose only contact with the state is its presence on the risk at the time of the accident? Certainly the contact is minimal. In fact, it is singular. But the test as to sufficiency of contact with the state is neither mechanical nor quantitative. International Shoe Co. v. State of Washington, supra, 326 U.S. at page 319, 66 S.Ct. 154. The commission of a single act or the existence of a single circumstance may be sufficient to render the company liable to suit within the state. Where, as here, the litigation arises directly from the contact with the state, considerations concerning the continuous presence of the company within the state may be irrelevant. Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158; Hess v. Pawloski, supra; Kane v. State of New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222. Cf. Old Wayne Mutual Life Ass'n of Indianapolis, Ind. v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345. It is the nature and the quality of the contact, and the interest of state therein, which is determinative. McGee v. International Life Insurance Company, 78 S.Ct. 199. Since the accident within the state is sufficient contact to justify maintenance of the suit for damages against the nonresident motorist,[8] it would seem that the same ac-

jury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this state. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.

"It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insureds or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy."

7. The "no action" clause of the policy reads:

"6. Action Against Company. No action shall lie against the Company under any Coverage, * * * until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial, or by written agreement of the Insured, the claimant and the Company; * * * *"

8. Wuchter v. Pizzutti, supra; Hess v. Pawloski, supra.

cident should justify maintenance of suit against his nonresident liability insurer who, after all, is the real party in interest. See Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59.

■■ Under International Shoe Co. v. State of Washington, supra, and its progeny, minimal contact plus reasonableness and fair play satisfy due process. The reasonableness of subjecting the nonresident insurer to the direct action statute of Louisiana has already been spelled out in Watson v. Employers Liability Assurance Corp., supra. The rationale there supports the service of process under the statute here. With reference to fair play, there is no suggestion that the insurer, served here pursuant to the statute in suit, will be treated less fairly than any other insurer otherwise served and required to defend under the direct action statute. If the defendant insurer harbored any doubt in the matter, it should have excluded Louisiana from the coverage of its policy. Having agreed to cover Louisiana risks, it cannot deny Louisiana courts the right to determine its liability on claims arising from accidents occurring in this state. McGee v. International Life Insurance Company, supra. The interest of the state in the safety of her highways, the care and hospitalization of persons injured thereon, the availability within the state of witnesses to the accident, the fact that Louisiana law will determine the liability for damages arising from the accident, the provision in the statute for actual notice to the nonresident insurer by registered mail, all combine to make certain that the maintenance of the suit within the state does not offend "traditional notions of fair play and substantial justice." Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278.

■ Assuming validity of the 1956 amendment to the statute, defendant insurer contends that since the policy in suit was issued prior to the passage of the amendment, application of the amendment to this existing contract improperly impairs the obligation of the contract. A paraphrase of the pertinent language from McGee, supra, where a similar situation was involved, will dispose of this contention. The statute is remedial, in the purest sense of the term, and neither enlarged nor impaired defendant's substantive rights and obligations under the contract. It does nothing more than to provide petitioner with a Louisiana forum to enforce whatever substantive rights he might have against the defendant. Under the circumstances, it had no vested right not to be sued in Louisiana.

Motion to quash and to dismiss denied.