Agustin **TORRES** and Juanita **Maldonado** individually; **Emilia Torres Maldonado** individually and as parent with patria potestad of her minor son **Jose Luis Maldonado Torres**, Plaintiffs,

v.

**AMERICAN SERVICE MUTUAL INSURANCE COMPANY**, Defendant.

**Civ. No. 150–68.**

United States District Court
D. Puerto Rico.
Jan. 15, 1969.

Juan Rivera Torres, Caguas, P. R., for plaintiffs.

Antonio Córdova González, San Juan, P. R., for defendant.

---

## ORDER AND MEMORANDUM OPINION [1]

FERNANDEZ-BADILLO, District Judge.

This controversy concerns the Puerto Rico substituted service statute and the direct action statute. Defendant, an Alabama corporation, had issued a liability policy to one Mr. Efraín Class, an Army man stationed at Fort Rucker, Alabama, against claims arising from damages caused by the operation of his private car. The policy sued on was issued and the insurance premiums paid in the State of Alabama. Defendant is not authorized to transact insurance in Puerto Rico, has no agents, office or representatives in this jurisdiction and no solicitation of business by mail has been disclosed.

The cause of action in this case is brought pursuant to the direct action statute which in the part pertinent herein provides:

"Any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly. The direct action against the insurer may only be exercised in Puerto Rico." 26 L.P.R.A. § 2003 Subsection (1) as amended May 26, 1966, No. 21.

The complaint charges that minor José Luis Maldonado Torres suffered injuries in Puerto Rico caused by the negligent operation of assured's car which was being driven by his brother with his consent. Service of process was made under Rule 4.7 of the Rules of Civil Procedure of Puerto Rico the applicable portion of which reads as follows:

"(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

(3) Meets with an accident while by himself or through his agent driving a motor vehicle in Puerto Rico * * *"

Defendant moved to quash service of summons and argued that Rule 4.7 does not include nor was it intended to include within its ambit a foreign insurer under the peculiar circumstances of this case. A hearing was held on May 3, 1968 and briefs from both parties have been filed. Accordingly, the sole issue to be deter-

---

1. Chief Judge Cancio wishes to announce that he agrees with this opinion.

mined is whether there is personal jurisdiction over the non-resident defendant. The alleged defect is that plaintiffs pretend to assert jurisdiction over defendant through the local long-arm statute when legally under Rule 4.7 personal jurisdiction can be acquired only upon the non-resident driver himself or his agent who is involved in an automobile accident in Puerto Rico but never over the insurer that is a foreign corporation which has not formally qualified to, nor does it, transact business in Puerto Rico and has no contacts whatsoever with this forum.

Plaintiffs rely heavily on Pugh v. Oklahoma Farm Bureau Mutual Insurance Co. (D.C.La.1958), 159 F.Supp. 155. The facts of that case are strikingly similar to the situation involved in the present action. There was no problem of actual notice and opportunity to defend in either case. But this case is different from *Pugh* in that there the state of Louisiana had amended her Non-Resident Motorist Statute by extending its application to the non-resident insurer not authorized to do business in the State. The problem before the court was a constitutional attack on the extension of the statute to said insurers. Such is not the status of Puerto Rican process law for Rule 4.7 which provides for process on outsiders makes no mention whatsoever of the non-resident insurer unauthorized to transact business within its borders. The Insurance Code of Puerto Rico, Title 26 of L.P.R.A. provides in § 327 for process on authorized foreign insurers, in § 928 upon non-resident agents or brokers licensed to

make transactions in Puerto Rico and in § 1005 for service against unauthorized insurers who deliver, effectuate or solicit any insurance contract by mail or otherwise within Puerto Rico.

The peculiar circumstances of this case are not reached either by Rule 4.7, the general substituted service statute, or by the specific process provisions of the Insurance Code.

We need go no further once it is resolved that the Commonwealth courts would not assume jurisdiction. There is a clear dichotomy to the matter of subjecting a foreign corporation to service. As well stated in Stanga v. McCormick Shipping Corporation (C.A. 5th Cir. 1959), 268 F.2d 544:

"In determining the sufficiency and validity of service of process on a foreign corporation under laws of the forum state, the problem divides itself along lines of state and national interests. The first part is to ascertain whether the state law means to encompass the challenged service. This question—at least as to diversity cases which this one is—is wholly a matter of state law. * * * The second is conditioned on an affirmative answer to the first, and then presents the problem whether the state law as thus applied offends the Federal Constitution."

See also Pulson v. American Rolling Mill Co. (C.A. 1st Cir. 1948), 170 F.2d 193 at p. 194.[1]

The approach of Pulson has been consistently upheld in later decisions and reaffirmed by Circuit Judge

---

1. "There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first is a question of state law: has the state provided for bringing the foreign corporation into its courts under the circumstances of the case presented? There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature. If the state has purported to exercise jurisdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the interstate commerce clause of the federal constitution. Const. art. 1, § 8, cl. 3; Amend 14. This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation."

Coffin in the recent case of Caso v. Lafayette Radio Electronics Corporation (C.A. 1st Cir. 1966), 370 F.2d 707 at p. 710 where it was held that "where it appears * * * that the state court would not take jurisdiction over the foreign defendant, we would not be justified in finding jurisdiction in the district court either by application of a 'federal' rule of jurisdiction *or by a creative attitude as to what the state law may be developing* to be." (Emphasis supplied)

Not a single decision of the Supreme Court of Puerto Rico has been cited in which local Rule 4.7(a) (3) was interpreted in such a manner as to include the non-resident unauthorized insurer within its scope. There is a point in the legislative history[2] of the direct action statute which bears relation to the present issue and reveals that the 1966 Amendment provided that direct action against *authorized insurers* in Puerto Rico can only be exercised in the island. Said amendment was directed to put an end to situations where courts outside of Puerto Rico could assume jurisdiction of an action arising from an accident which occurred here against a corporation which operates in Puerto Rico. Scanty as these comments are, on their face, it appears that the direct action against the non-resident insurer not authorized to transact insurance within Puerto Rico was not in the law makers mind. If there were a statutory provision upon which such an insurer could be reached by process then both provisions, read in conjunction, could reasonably be construed to include the insurer. Such is not the case.

The Court is faced with a hard choice to make for the state hasn't provided the litigant with the machinery to assert his substantive rights under the direct action statute, if any. The harsh results reached in the case at bar could only be erased by legislative, not judicial action. Sympathetic as this Court feels towards plaintiffs' cause of action and conscious of Puerto Rico's interest in providing remedies and protection to those injured here, nevertheless, it is unwilling to extend its judicial power so as to give a statutory interpretation which is so broad that the function reserved to the legislative branch is thereby usurped.

In view of the foregoing the Motion to Quash Service is hereby granted.

It is so ordered.

---

**2.** Legislative Journal of the Legislature of Puerto Rico Vol. 20, Part I (1966).