CLAUDE BEVINS, JR., by Claude Bevins, his Father and Next Friend, *et al.*, Plaintiffs-Appellees, *v.* COMET CASUALTY COMPANY, Defendant-Appellant.

First District (1st Division)    No. 78-1172

Opinion filed May 14, 1979.

Kwiatt & Silverman, Ltd., of Chicago (Michael Silverman and Stephen E. Ford, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John D. Cassiday, James R. Pancheri, and Stephen R. Swofford, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Claude Bevins, Jr., by his father and next friend Claude Bevins, Sr., and Claude Bevins, Sr., individually (plaintiffs), filed a petition for registration of judgments against Comet Casualty Company, an Illinois corporation (defendant), which had been entered in the circuit court of Greenbrier County, West Virginia (Ill. Rev. Stat. 1977, ch. 77, par. 88 *et seq.*). Defendant appeals from an order granting the relief prayed and making the judgments final judgments of the circuit court of Cook County.

In this court, defendant urges that the jurisdictional facts required by the pertinent statute of West Virginia were not performed by defendant and therefore the substituted service of process upon defendant was invalid; the West Virginia court lacked personal jurisdiction over defendant so that the judgments were void; defendant did not have those minimum contacts with West Virginia necessary for the exercise of personal jurisdiction over defendant; the trial court failed to determine whether the West Virginia court had jurisdiction over the person of defendant, and the trial court erred in not allowing trial by jury.

In response plaintiffs urge that defendant was amenable to service under the pertinent West Virginia statute so that substituted service on defendant comported with the requirements of due process of law because the West Virginia court had acquired jurisdiction over defendant.

A summary of the trial record is essential. This entails difficulties which arise not from the size of the record but from the fact that the entire file was lost in the trial court. The ensuing process of restoration pursuant to court order has created problems in that the various portions of the record have not been presented to this court in chronological order.

The record shows that plaintiffs filed the petition for registration supported by a series of exhibits. Defendant filed its appearance and a demand for jury trial. Defendant filed an answer to the petition alleging that the West Virginia court did not have jurisdiction over the person of defendant because defendant had never conducted business in West Virginia. The answer is supported by affidavits by the president and secretary of defendant. Defendant also filed a "Reply to Petition for Registration and Motion to Dismiss Complaint." This document raised the same issue of lack of jurisdiction by the West Virginia court over defendant. Incorporated therein are three affirmative defenses raising the same issue regarding jurisdiction of the West Virginia court and a further issue that the law of West Virginia does not provide for direct action against an insurance company as a result of injuries sustained in an automobile collision.

Plaintiffs filed a motion to strike the responsive pleadings of defendant taking issue with the alleged lack of jurisdiction of the West Virginia court and pointing out that the West Virginia judgments against defendant are based upon a previous judgment entered by the court of that State in favor of plaintiffs and against Edward Chrisman, Jr., defendant's insured.

Plaintiffs filed a lengthy request for admissions by defendant of 25 stated factual matters. Various exhibits were appended to this request. Defendant responded to this request. Certain factual statements were admitted. As to others, defendant stated that it had no knowledge. As to this latter group, defendant either demanded "strict proof" or interposed a general denial.

All of the following pertinent facts appear from the above sources in the record. We find no material factual issue or dispute in the record or in the briefs.

Defendant was originally known as "Old Mutual Casualty Company." By change of corporate name it became "Comet Casualty Company." On July 31, 1970, an automobile owned and operated by Edward Chrisman, Jr., was involved in an automobile accident in Greenbrier County, West Virginia. At that time Chrisman was insured by "a family combination automobile policy" issued to him by defendant. In the policy defendant agreed to pay Chrisman all sums which he might become legally obligated to pay by virtue of bodily injury and property damage arising out of the ownership and operation of the automobile.

Plaintiffs filed suit in Greenbrier County for personal injuries as a result of the alleged negligence of Chrisman in operating his automobile.

On April 27, 1972, after the entry of a default against Chrisman in the West Virginia court, a jury awarded damages to plaintiff Claude Bevins, Jr., of $3600 and to plaintiff Claude Bevins, Sr., of $251.63. Judgments were entered against Chrisman for those amounts. These judgments remained unpaid.

Plaintiffs filed suit in the West Virginia court against defendant for recovery of the amounts of these judgments and for the allowance of punitive damages against defendant. The theory of the latter claim was that defendant had ample opportunity to comply with the terms of its insurance contract with Chrisman but had unreasonably failed to do so and this conduct constituted intentional fraud under the law of West Virginia.

In connection with this suit the attorney for plaintiffs caused service of summons and of a copy of the complaint to be made upon the State Auditor of West Virginia. Defendant was served with the summons and a copy of the complaint by registered mail, sent to defendant in Illinois with return receipt requested. These documents were duly received by the defendant. No appearance or responsive pleading was filed by defendant in the West Virginia proceedings.

On September 20, 1971, defendant wrote a letter to Edward Chrisman addressed to him in Greenbrier County, West Virginia. Defendant reserved all rights under the policy on the theory that Chrisman had breached a condition thereof by failure to give defendant written notice of the occurrence. Defendant also agreed to investigate the accident without waiver of any kind.

On that same day defendant wrote to the attorney for plaintiffs in West Virginia advising that it had received the summons and complaint pertaining to the accident of July 31, 1970. The letter stated that the summons and complaint were the first notice of the occurrence that defendant had received. Defendant requested information from the attorney regarding the mishap and the injuries sustained.

On September 24, 1971, the West Virginia attorney wrote defendant in response to defendant's letter. The response contained a statement concerning the occurrence itself and the nature of the injuries. The attorney stated in his letter that he would not default defendant if its answer would be filed promptly. Statements covering plaintiffs' expenses were appended to this letter.

On October 11, 1971, defendant again wrote plaintiffs' attorney in West Virginia. The letter stated that defendant had been unable to reach Chrisman. Also, it added that defendant would continue its attempts to reach Chrisman and would be in touch with the attorney again. On

October 14, 1971, the West Virginia attorney wrote defendant and requested immediate contact. The letter stated that the time of the defendant for answering the complaint had expired. Thereafter there was a gap in the correspondence between the attorney and the defendant.

On May 3, 1972, after the entry of default judgments against Chrisman, the West Virginia attorney again wrote to defendant. The letter stated the entry of the judgments and the amounts thereof. In addition, the attorney stated that he was in position to prove that notice had been sent to defendant by the doctor, the hospital, the insured and the plaintiffs "as soon as practicable after the date of this accident." The letter also stated that suit would be filed against defendant for payment of the judgments against Chrisman based upon the contract of insurance.

On September 2, 1972, the West Virginia court entered judgment in favor of plaintiff Claude Bevins, Jr., and against defendant for $3600 with interest at 6 percent from and after April 27, 1972, and $11.50 for costs. On the same date judgment was duly entered in favor of plaintiff Claude Bevins, Sr., against defendant for $251.63 with interest at 6 percent per annum after April 27, 1972. On December 18, 1972, judgment was entered in the same court in favor of plaintiffs and against defendant for punitive damages in the amount of $6000. No part of these judgments was ever paid.

Under the applicable statute of Illinois, the filing in this State of the petition of plaintiffs for registration constituted registration of the judgments of West Virginia here involved. (Ill. Rev. Stat. 1977, ch. 77, par. 90.) The issue is whether the trial court erred in then proceeding to make the judgments final judgments of Illinois binding upon the defendant.

■■ In a case of this type, it is the first duty of this court to inquire into the West Virginia judgments to determine whether that court had jurisdiction so as to bring these judgments within the full faith and credit clause of the Federal Constitution. (*Carlson v. Prestige Casualty Co.* (1975), 28 Ill. App. 3d 926, 928, 329 N.E.2d 477, citing *Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 302 N.E.2d 382.) "However, where a judgment has been rendered by a court of general jurisdiction, there is a strong legal presumption that the court had jurisdiction to render the judgment and that its proceedings conformed to the law of the state in which it was rendered." *Evans v. Advance Schools, Inc.* (1979), 70 Ill. App. 3d 947, 388 N.E.2d 1003, and authorities there cited.

We turn first to Illinois law upon this subject. In *Braband v. Beech Aircraft Corp.* (1978), 72 Ill. 2d 548, 382 N.E.2d 252, the supreme court noted that two requisites must be met to enable a State to assert jurisdiction over a foreign corporation. The first is that Federal concepts of due process must be satisfied. "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present

within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, cited in *Braband*, 72 Ill. 2d 548, 553-54.

The second requirement is that the defendant corporation must have had such minimum contacts " 'with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there.' " (*Shaffer v. Heitner* (1977), 433 U.S. 186, 204, 53 L. Ed. 2d 683, 697, 97 S. Ct. 2569, quoting from *International Shoe Co.*, 326 U.S. 310, 317, 90 L. Ed. 95, 102, 66 S. Ct. 154.) It has been stated that the contacts with the State of the forum must be sufficient "to make it reasonable and just according to our traditional conception of fair play and substantial justice * * *" to permit the State to enforce the claim. *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 438, 176 N.E.2d 761, quoting from *International Shoe Co.*, 326 U.S. 310, 320, 90 L. Ed. 95, 104, 66 S. Ct. 154.

The courts of Illinois have also consistently held that what is fair and reasonable must be determined on a case-by-case basis. *Braband*, 72 Ill. 2d 548, 556; *Gray*, 22 Ill. 2d 432, 440; *Citizens Bank & Trust Co. v. Pittman* (1977), 52 Ill. App. 3d 137, 367 N.E.2d 265; *Wiedemann v. Cunard Line Limited* (1978), 63 Ill. App. 3d 1023, 380 N.E.2d 932.

In addition, it has been held that the enactment of the Illinois long arm statute (Ill. Rev. Stat. 1977, ch. 110, par. 17), indicates "a conscious purpose to assert jurisdiction over non-resident defendants to the extent permitted by the due-process clause." (*Braband*, 72 Ill. 2d 548, 557, quoting from *Nelson v. Miller* (1957), 11 Ill. 2d 378, 384, 143 N.E.2d 673.) This same observation is applicable to the enactment of the pertinent West Virginia statute.

It is undisputed that defendant is not licensed to do business in West Virginia. In addition, defendant has never issued or delivered contracts of insurance to residents of that State; has never solicited applications for insurance contracts there; has never collected premiums, assessments or any other consideration for insurance in West Virginia. The West Virginia Code provides that the courts of that State may acquire jurisdiction over an insurer not licensed in West Virginia under the following circumstances (W. Va. Code §33—4—13(b)(1)):

> "Any of the following acts in this State, effected by mail or otherwise by an unlicensed foreign or alien insurer: (1) The issuance or delivery of contracts of insurance to residents of this State or to corporations authorized to do business therein, (2) the solicitation of applications for such contracts, (3) the collection of

premiums, membership fees, assessments or other considerations for such contracts, or (4) any other transaction of business, is equivalent to and shall constitute an appointment of such insurer of the secretary of state and his successor in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and in any action, suit, or proceeding which may be instituted by the insurance commissioner in the name of any such insured or beneficiary or in the name of the State of West Virginia, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this State upon such insurer."

Thus, the issue here is whether defendant has been transacting business in the State of West Virginia in connection with the occurrences here involved and pursuant to the definition stated by the Code of that State. The facts above set forth show that defendant agreed to insure Chrisman against all liability regarding personal injury and property damage as a result of the use of the automobile in any State without limitation. The reasonable expectation raised from this policy is that defendant would provide coverage wherever the insured would be located and in any State in which the automobile was used. The above facts also indicate that defendant performed a number of acts within the State of West Virginia. Defendant wrote to Chrisman in West Virginia sending him a reservation of rights but stating its intent to investigate the issue of its liability for the accident. Defendant wrote several letters to the attorney for plaintiffs in West Virginia. Defendant actively sought information concerning the occurrence and the resulting injuries. The provision of the West Virginia Code that the transaction of business in question under the Code can be "effected by mail or otherwise" and the very adoption of the Code tend to show clearly that the State of West Virginia intended to exercise "jurisdiction over nonresident defendants to the extent permitted by the due-process clause" (*Braband*, 72 Ill. 2d 548, 557) as above pointed out. We conclude that defendant was doing business in West Virginia by performance of these acts. Actual physical presence of the defendant by its agents or offices within West Virginia was not required and even a single contact with the State would be sufficient for the exercise of personal jurisdiction. (*Morton v. Environmental Land Systems, Ltd.* (1977), 55 Ill. App. 3d 369, 372, 370 N.E.2d 1106, and authorities there cited.) It follows that the West Virginia court acquired jurisdiction over defendant for the purpose of entering the judgments against it.

Looking now to the law of West Virginia, we are satisfied that the

courts of that State would reach the same conclusion to the effect that the circuit court of Greenbrier County, West Virginia, had jurisdiction over the person of the defendant. In *Gavenda Brothers, Inc. v. Elkins Limestone Co.* (1960), 145 W. Va. 732, 116 S.E.2d 910, the Supreme Court of Appeals of West Virginia considered the same question in recognizing the validity of a judgment entered in Illinois. Similarly, in *State ex rel. Coral Pools, Inc. v. Knapp* (1963), 147 W. Va. 704, 131 S.E.2d 81, the Supreme Court of West Virginia approved substituted service on an Ohio corporation in connection with a written contract executed in Ohio. The West Virginia court concluded that the Ohio corporation was doing business in West Virginia because the contract was to be performed there and also the contract had been modified by an oral conversation with a resident of West Virginia.

We conclude that the West Virginia judgments are entitled to full faith and credit in the State of Illinois.

The final point raised by the defendant is the issue of trial by jury. Defendant filed a timely jury demand with its appearance. The pertinent statute on registration of judgments provides for the filing of a defense, setoff or counterclaim in this type of action "and the issues raised thereby shall be tried and determined as in other civil cases." (Ill. Rev. Stat. 1977, ch. 77, par. 95.) The thrust of defendant's argument is analogy to other statutory causes of action in which trial by jury is available such as dram shop cases (*Hudson v. Leverenz* (1956), 9 Ill. App. 2d 96, 132 N.E.2d 427); declaratory judgments (*Beal v. Booras* (1961), 32 Ill. App. 2d 304, 177 N.E.2d 717) and the tort liability of school districts (*Terrill v. City of Chicago* (1966), 72 Ill. App. 2d 286, 219 N.E.2d 705).

We need not decide this issue upon the theoretical availability of jury trial in the statutory proceeding for registration of a foreign judgment. In our opinion, assuming but not holding that a right to trial by jury existed here, we find from this record a complete waiver by the defendant of the right to trial by jury and a lack of any factual issue to be submitted to a jury.

As above shown, the principal and the decisive issue in the case was whether the West Virginia court had properly obtained jurisdiction over the person of defendant. Plaintiffs filed a lengthy request for admission of facts including the correspondence above noted. Defendant responded to this request. Both sides filed lengthy memoranda of law with the court. Commencing on March 15, 1978, counsel for both parties appeared in open court and presented their theories at some length. At the close of the argument the trial court made a verbal statement which concluded that the judgment of the West Virginia court as previously registered should become a final judgment of Illinois. Counsel for defendant participated at length in this hearing and raised no point regarding trial by jury. He

presented a legal argument for his client to the effect that the West Virginia court never acquired jurisdiction over defendant's person. The only additional request counsel for defendant made was that the execution on the final judgment be stayed 30 days to give him time to consult with defendant regarding an appeal. The final judgment of the court was entered on March 15, 1978. It incorporates a provision for stay of the execution for 30 days.

On March 28, 1978, a written motion for rehearing was filed by defendant. Counsel for defendant stated that he was unaware of what the total amount of the judgment against his client would be and also that the relief granted was against the public policy of Illinois. No point was raised regarding the issue of jury trial. On April 12, 1978, for the first time, defendant filed an amendment to its motion for rehearing in which it set forth that there had been no waiver of a jury trial by defendant. On April 26, 1978, the trial court denied the motion for rehearing as amended.

■■ The most recent authority in Illinois on this point is *Power Electric Contractors, Inc. v. Maywood-Proviso State Bank* (1978), 60 Ill. App. 3d 685, 690-91, 377 N.E.2d 142. In that case, the authorities are presented which establish the principle that a party may, by conduct, waive demand for jury trial by proceeding to trial before the court without a jury. Additional cases going to the same point are *Ogren v. Graves* (1976), 39 Ill. App. 3d 620, 624, 350 N.E.2d 249; *Loughran v. A & M Moving & Storage Co.* (1974), 17 Ill. App. 3d 119, 126, 307 N.E.2d 794, and *La Salle National Bank v. International Ltd.* (1970), 129 Ill. App. 2d 381, 398, 263 N.E.2d 506. We conclude that defendant herein has waived its right, if any, to trial by jury.

In addition, we find no issue of fact presented for submission to the jury. The above analysis demonstrates that the record amply brings out all of the pertinent facts. The only issue remaining was one of law regarding the sufficiency of these facts to give the State of West Virginia jurisdiction over the person of defendant. In our opinion, if a jury had been impanelled, a directed verdict for plaintiff would necessarily have ensued. The result reached by the trial court was tantamount to a judgment on the pleadings. The result was correct and it should be affirmed.

Judgments affirmed.

O'CONNOR and CAMPBELL, JJ., concur.