**Timothy Allen ROSSMAN, Administrator of the Estate of Paula K. Rossman, deceased, and Jodi S. Rossman, Plaintiffs,**

v.

**CONSOLIDATED INSURANCE COMPANY, an Indiana corporation, The Protective Casualty Insurance Company, a Missouri corporation, State Farm Mutual Automobile Insurance Company, an Illinois corporation, and Prudential Property and Casualty Insurance Company, a New Jersey corporation, Defendants.**

Civ. A. No. 83–829–N.

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 6, 1984.

John W. Drescher, Virginia Beach, Va., for Rossman.

Henry C. Morgan, Virginia Beach, Va., for Richards.

Palmer S. Rutherford, Norfolk, Va., for Consol. Ins. Co.

John Crandley, Virginia Beach, Va., for State Farm.

J.C. Fears, Jr., Norfolk, Va., for Protective Cas. Ins. Co.

Alan Rashkind, Norfolk, Va., for Prudential.

## OPINION

CLARKE, District Judge.

This matter comes before the Court on the motion to dismiss filed by Consolidated Insurance Company (Consolidated) pursuant to Rule 12(b)(2), (4) and (5) of the Federal Rules of Civil Procedure. Consolidated contends that the plaintiffs' Complaint does not allege sufficient contacts by Consolidated with the Commonwealth of Virginia so as to confer *in personam* jurisdiction upon this Court.

The plaintiffs, Timothy Allen Rossman, Administrator of the Estate of Paula K. Rossman, Deceased, and Jodi S. Rossman, have brought this civil action against Kelly Lee Richards and four insurance companies. The Complaint alleges that the plaintiff, Jodi Rossman, was severely injured and the plaintiff's decedent, Paula Rossman, was killed due to the negligent driving of the defendant Kelly Lee Richards. Two of the four defendant insurance companies had issued policies covering the automobile driven by Mr. Richards one such being Consolidated, and the other two of the four companies had issued policies

insuring the automobile of the plaintiff. Plaintiff alleges that Consolidated has denied coverage to Kelly Lee Richards and this action seeks a declaration by the Court that Consolidated had effective coverage on Richards at the time of the accident.

The defendant Consolidated admits by affidavit of its Vice President that it had issued an insurance policy covering the automobile driven by the defendant Kelly Richards. Consolidated is a corporation incorporated under the laws of the State of Indiana; it sold the policy at issue to Richard's father in Illinois. Consolidated contends that because it does not participate in any business activities in the Commonwealth of Virginia, the plaintiffs cannot obtain personal jurisdiction over it in this Court. Consequently, it argues, the plaintiffs' service of process on the Secretary of the Commonwealth of Virginia is insufficient. It requests this Court to dismiss the action against Consolidated.

■ The plaintiffs seek to exercise jurisdiction pursuant to the Virginia Long Arm Statute, Va.Code § 8.01–328.1(A)(1), (2), and (7). The purpose of this statute is to assert jurisdiction over non-residents of Virginia to the extent permissible under the due process clause of the United States Constitution, *see, e.g., Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir.1982); *Carmichael v. Snyder*, 209 Va. 451, 164 S.E.2d 703 (1968). Due process only permits a state to exercise jurisdiction over a nonresident defendant if there exist certain "minimum contacts" between the defendant and the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 290, 100 S.Ct. 559, 563, 62 L.Ed.2d 490 (1980).

The defendant, Consolidated, has attested that it is not qualified to do business in Virginia; it maintains no offices in Virginia, and it permits no agents to act on its behalf in Virginia. The policy that is the subject of this action was written in the state of Illinois, delivered to the defendant's father in Illinois, and all premiums

were paid in the state of Illinois. Furthermore, Consolidated understood that the insured automobile was garaged in Illinois, although in fact it was garaged in Virginia. Consolidated argues, therefore, that it has no minimum contacts with the Commonwealth of Virginia.

It is undisputed that Consolidated contracted to insure the vehicle that was involved in this accident. The policy, issued to Richard D. Richards, specifically names the automobile and indicates that Kelly Lee Richards was the principal driver of the automobile. Nonetheless, Consolidated argues that it is not required to defend the present lawsuit in the forum in which it has been brought.

■ While there is no objective, mechanical test for determining the presence or absence of the minimum contacts necessary to maintain jurisdiction, a court's examination must focus on the relationship between the defendant and the forum state. *See, e.g., Keeton v. Hustler Magazine, Inc.*, —— U.S. ——, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984); *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980). That relationship must be such that it is "reasonable ... to require the corporation to defend the particular suit which is brought there." *International Shoe Co. v. Washington*, 326 U.S. at 317, 66 S.Ct. at 158.

■ In considering the nature of the contact between Consolidated and the Commonwealth of Virginia, the Court is required to consider the factors enumerated in *World-Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564. These include the burden on the defendant in defending the case, the forum State's interest in adjudicating the dispute, *see McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957), the plaintiff's interest in obtaining convenient and effective relief, *see Kulko v. California Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978), the interstate judicial system's interest in obtaining the most efficient resolution of

controversies, and the shared interest of the several States in furthering fundamental substantive social policies, *id.* at 93, 98 S.Ct. at 1697. *See World-Wide Volkswagen,* 444 U.S. at 292–93, 100 S.Ct. at 564–65.

The Court notes that Virginia has a substantial interest in providing relief for its citizens when insurance companies legally obligated to them refuse to pay claims. As the Supreme Court wrote in *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223,

> It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant State in order to hold it legally accountable. When claims were small or moderate individual claimants frequently could not afford the cost of bringing an action in a foreign forum—thus in effect making the company judgment proof. Often the crucial witnesses ... will be found in the insured's locality.

*Id.* at 223, 78 S.Ct. at 201. *See also Vishay Intertechnology, Inc. v. Delta International Corp.,* 696 F.2d 1062, 1069 (4th Cir. 1982) (interest of forum state is a relevant factor in ascertaining whether minimum contacts requirement is met).

The most widely-quoted articulation of the minimum contacts test is found in *World-Wide Volkswagen,* 444 U.S. at 298, 100 S.Ct. at 567. In that case, the plaintiffs brought a products liability suit in an Oklahoma state court against the New York automobile wholesaler and retailer that sold them their defective automobile. Holding that Oklahoma did not have personal jurisdiction over the residents of New York, the Court stated,

> [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should

reasonably anticipate being haled into court there.

*Id.* at 298, 100 S.Ct. at 567.

Consolidated's "conduct and connection with the forum state" in this case are minimal. Because Consolidated has not transacted business in Virginia, a finding of minimum contacts must be predicated on the sole fact it insured an automobile that ended up in Virginia and caused harm in this state. Counsel has not cited, and this Court is not aware of, any controlling case that allows the Court to exercise jurisdiction over a non-resident insurer of automobiles with no presence in the state, whose assured is in an accident in the state. A recent Fourth Circuit decision had very similar facts, however, and this Court finds its analysis applicable.

In *August v. HBA Life Insurance Co.,* 734 F.2d 168 (4th Cir.1984), the plaintiff held a health insurance policy that had been issued to him in Arizona while an Arizona resident. He then moved to Virginia along with the members of his family covered by the policy. A loss occurred and a claim was submitted from Virginia. The insurance company denied the claim and solicited an agreement from the plaintiff that would have reduced the coverage afforded by the policy. The plaintiff sued the company in Virginia state court and obtained a default judgment. He later filed a petition in bankruptcy in the Bankruptcy Court in the Eastern District of Virginia. As part of that proceeding he filed a complaint for turnover of property, praying the Court to order the insurance company to pay the sum due under the default judgment. The Bankruptcy Court dismissed the complaint, ruling that the insurance company lacked sufficient contact with Virginia to satisfy due process requirements, *see In re August,* 17 B.R. 628 (Bkrtcy.E.D.Va.1982), and the District Court affirmed.

The Fourth Circuit reversed and remanded the opinion, holding that Virginia may validly exercise its long-arm jurisdiction over the insurance company. *August v.*

*HBA Life Insurance,* 734 F.2d at 173. In so holding, the Court noted that:

> HBA was in the business of selling insurance against events which might well occur outside Arizona as its insured moved about. Insurance by its nature involves the assertion of claims, and resort to litigation is often necessary. As pointed out in *McGee,* the burden of bringing an action in a foreign forum may make insurance valueless, particularly as to small or moderate claims. 355 U.S. at 223, 78 S.Ct. at 201.

*August v. HBA Life Insurance Co.,* 734 F.2d at 172.

The Court ultimately decided that the plaintiff's move into Virginia from Arizona was not by itself sufficient to support *in personam* jurisdiction over the insurance company. Because, however, the company had received premiums from the Augusts in Virginia and had solicited an agreement reducing the policy coverage in Virginia, the Court found sufficient minimum contacts for the exercise of jurisdiction.

These additional factors are not present in the case at hand. Consolidated received premiums from the owner of the car in Illinois and not from the driver in Virginia. Nonetheless, this Court determines that an automobile liability policy is sufficiently different from a health insurance policy to distinguish the *August* Court's requirement of additional factors. A health insurance policy is typically sued upon where the insured resides, while an automobile liability policy is sued upon where an accident takes place. The insurer providing health insurance may not, then, "reasonably anticipate being haled into court" in a jurisdiction other than the one where the policy was sold. *See World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567. The issuer of an automobile liability policy, on the other hand, is far more likely to foresee answering to suit in a foreign forum. An accident may take place anywhere a car travels.

As the New York Supreme Court wrote upon finding a New York insurance company subject to the jurisdiction of a Louisiana state court,

> [The New York insurance company] knows that the carnage of automobile accidents is not limited to New York and that its insureds will invariably be involved in accidents all over the country. In insuring the New York resident against accidents wherever he drives, the insurer in a sense also agrees to insure the public. Under these circumstances, this Court is of the opinion that the mere issuance of the policy in New York, in the context of a mobile society and the peculiar public character of insurance, is a sufficient purposeful act or contact to satisfy the minimum contacts required in the *International Shoe* case ... even though the contacts here are admittedly tenuous.

*Labruzzo v. State Wide Insurance Co.,* 77 Misc.2d 455, 353 N.Y.S.2d 98, 102 (1974).

■ The holding of this Court is that an automobile liability insurer must answer to suit in Virginia if its assured causes injury here. This holding is not inconsistent with the *August* decision. In that opinion, the Court of Appeals stated in dicta that:

> [t]here are decisions indicating that an automobile liability insurer subjects itself to an injured person's suit on the policy in any state where the automobile caused injury. *Pugh v. Oklahoma Farm Bureau Mutual Insurance Co.,* 159 F.Supp. 155 (E.D.La.1958). *See Bevins v. Comet Casualty Co.,* 71 Ill.App.3d 758 [28 Ill. Dec. 333], 390 N.E.2d 500 (1979), *Labruzzo v. State-Wide Insurance Co.,* 77 Misc.2d 455, 353 N.Y.S.2d 98 (Sup.Ct. Queens Co.1974); *Jarstad v. National Farmers Union Property & Casualty Co.,* 92 Nev. 380, 552 P.2d 49, 53–54 (1976).

*August,* 734 F.2d at 172–73.

The first of the decisions referenced above by the Fourth Circuit involved a situation nearly identical to the case at bar. In *Pugh v. Oklahoma Farm Bureau Mutual Insurance Co.,* 159 F.Supp. 155 (E.D.La. 1958), the District Court held that an Oklahoma insurance company was subject to

the jurisdiction of a Louisiana state court. The insurer's only contact with Louisiana had been its presence on the insurance policy of an Oklahoma resident's automobile that was involved in an accident in Louisiana. The court determined that such contact, although minimal, was sufficient to enable Louisiana to assert its jurisdiction over the insurer. The court reasoned:

> The commission of a single act or the existence of a single circumstance may be sufficient to render the company liable to suit within the state.
>
> . . . . .
>
> Since the accident within the state is sufficient to justify maintenance of the suit for damages against the nonresident motorist, it would seem that the same accident should justify maintenance of suit against his nonresident liability insurer who, after all, is the real party in interest.

*Id.* at 158–59. *See Lumbermen's Mutual Casualty Company v. Elbert*, 348 U.S. 48, 51, 75 S.Ct. 151, 153, 99 L.Ed. 59 (1954) (naming an automobile liability insurer as "not merely a nominal defendant but the real party in interest"). For an indication of the weight that Virginia places on the proposition that insurance companies are the real parties in interest in automobile accident litigation, *see Surratt v. Thompson*, 212 Va. 191, 183 S.E.2d 200 (1971) (abolishing the doctrine of interspousal tort immunity in automobile accident cases because presence of insurance does away with concern for disrupting family tranquility). *See also Smith v. Kauffman*, 212 Va. 181, 183 S.E.2d 190 (1971) (permitting child to maintain action against his parent, noting that domestic harmony is not threatened when there is insurance coverage.)

The *Pugh* Court ultimately determined that "traditional notions of fair play and substantial justice," *see International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, would not be offended by requiring the Oklahoma insurance company to answer to suit in Louisiana. If the defendant company had feared unfair treatment in Louisiana, the court reasoned, it could have ex-

cluded Louisiana from the coverage of its policy. Because it did not do so, it could not deny courts of that state the right to determine its liability on claims arising from accidents occurring in Louisiana. 159 F.Supp. at 159.

This Court agrees with the reasoning of the Eastern District of Louisiana, and finds in this case that it is reasonable for Consolidated to have expected that it would be called upon to defend a lawsuit in Virginia. The very nature of the product sold by insurance companies is such that the companies should expect litigation in many forums. The particular policy that is at issue here provides for out-of-state coverage for auto accidents. It is apparent therefore, that Consolidated anticipated accidents in more than one state. The issuance by Consolidated of the insurance policy covering Kelly Lee Richards' automobile is a sufficiently purposeful act to satisfy the minimum contacts requirement.

The other factors that this Court is required to consider in determining whether traditional notions of fair play and substantial justice are offended by maintenance of this suit further support the Court's holding. They include the plaintiff's interest in obtaining convenient and effective relief if he is entitled to it and the interstate judicial system's interest in the efficient resolution of controversies. The controversy at issue here, an automobile accident, took place in Virginia. The witnesses, the plaintiffs, and the defendant driver all reside in Virginia. The trial on the merits of the tort will take place in Virginia. If a judgment is rendered for the plaintiff against Kelly Lee Richards, it will be rendered in a court located in Virginia. It would be neither convenient, effective, nor efficient to require the parties to travel to a distant forum to collect such a judgment.

This Court finds that due process would not be offended by requiring Consolidated to defend this lawsuit in Virginia. Accordingly, the motion to dismiss filed by the defendant, Consolidated Insurance Company, is DENIED.

The Clerk shall mail a copy of this Order to counsel of record for each of the parties.